UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

GUZMAN DIAZ,

                                          Plaintiffs,

           -against-

CITY OF NEW YORK, DETECTIVE KEITH ADAMISZYN, SERGEANT JOHN GUMPEL, SERGEANT JERMAINE TAYLOR, POLICE ADMINISTRATIVE AIDE REGINA DAMJANAC, SERGEANT BRIAN ANDRUSZKIEWICZ, and JOHN/JANE DOE # 1,

                                          Defendants.
------------------------------------------------------------------------x

<u>COMPLAINT</u>

15 CV 1842

<u>JURY TRIAL DEMANDED</u>

## **NATURE OF THE ACTION**

1. This is an action to recover money damages arising out of the violation of Plaintiff Guzman Diaz's rights under the Constitution of the United States.

## **JURISDICTION AND VENUE**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## **JURY DEMAND**

5. Plaintiff Guzman Diaz demands a trial by jury in this action.

## PARTIES

6. Plaintiff Guzman Diaz ("Mr. Diaz") is a resident of the County of Bristol County, State of Massachusetts.

7. Defendant City of New York is a municipal organization organized under the laws of the State of New York.

8. Defendant City of New York operates the New York City Police Department ("NYPD"), a department or agency of Defendant City of New York.

9. The NYPD is responsible for the appointment, training, supervision, promotion, and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. At all times relevant herein, Defendant Sergeant Brian Andruszkiewicz ("Andruszkiewicz") was an officer, employee, and agent of Defendant City of New York.

11. At all times relevant herein, Defendant Andruszkiewicz was acting within the scope of his employment with Defendant City of New York.

12. At all times relevant herein, Defendant Andruszkiewicz was acting under color of state law.

13. Defendant Andruszkiewicz is sued in his individual and official capacities.

14. At all times relevant herein, Defendant Police Administrative Aid Regina Damjanac ("Damjanac") was an officer, employee, and/or agent of Defendant City of New York.

15. At all times relevant herein, Defendant Damjanac was acting within the scope of her employment with Defendant City of New York.

16. At all times relevant herein, Defendant Damjanac was acting under color of state law.

17. Defendant Damjanac is sued in her individual and official capacities.

18. At all times relevant herein, Defendant Sergeant Jermaine Taylor ("Taylor") was an officer, employee, and agent of Defendant City of New York.

19. At all times relevant herein, Defendant Taylor was acting within the scope of his employment with Defendant City of New York.

20. At all times relevant herein, Defendant Taylor was acting under color of state law.

21. Defendant Taylor is sued in his individual and official capacities.

22. At all times relevant herein, Defendant Sergeant John Gumpel ("Gumpel") was an officer, employee, and agent of Defendant City of New York.

23. At all times relevant herein, Defendant Gumpel was acting within the scope of his employment with Defendant City of New York.

24. At all times relevant herein, Defendant Gumpel was acting under color of state law.

25. Defendant Gumpel is sued in his individual and official capacities.

26. At all times relevant herein, Defendant Detective Keith Adamiszyn ("Adamiszyn") was an officer, employee, and agent of Defendant City of New York.

27. At all times relevant herein, Defendant Adamiszyn was acting within the scope of his employment with Defendant City of New York.

28. At all times relevant herein, Defendant Adamiszyn was acting under color of state law.

29. Defendant Adamiszyn is sued in his individual and official capacities.

30. At all times relevant herein, Defendant John/Jane Doe # 1 was a supervisor, officer, employee, and/or agent of Defendant City of New York.

31. At all times relevant herein, Defendant John/Jane Doe # 1 was acting within the scope of his/her employment with Defendant City of New York.

32. At all times relevant herein, Defendant John/Jane Doe # 1 was acting under color of state law.

33. Defendant John/Jane Doe # 1 is sued in his/her individual and official capacities.

34. The name John/Jane Doe # 1 is fictitious, his/her true name being unknown to Plaintiff at this time.

## STATEMENT OF FACTS

35. On July 11, 2014, non-party Jessica Muso appeared at the NYPD's 114th Precinct.

36. While there, she was interviewed by Defendant Damjanac.

37. Ms. Muso told Defendant that she and Mr. Diaz were involved in a child custody matter currently pending before the Court.

38. She further stated that there was an order of protection that had been issued by the Court which did not allow Mr. Diaz to have contact with her.

39. Ms. Muso stated that Mr. Diaz had violated the order of protection by posting a comment on his wall on www.facebook.com ("Facebook").

40. The comment on Mr. Diaz's Facebook wall did not mention Ms. Muso's name, Ms. Muso was blocked from accessing Mr. Diaz's Facebook account through her own account, and Mr. Diaz and Ms. Muso were not "friends" on Facebook.

41. Despite knowing the foregoing information, Defendant Damjanac issued a "Domestic Incident Report" outlining that there was probable cause for Mr. Diaz's arrest in that he violated an order of protection issued by the Court.

42. Defendant Damjanac's actions and report were reviewed and approved by Defendants Taylor and Andruszkiewicz.

43. The foregoing information was communicated to Defendant Adamiszyn and John/Jane Doe # 1.

44. Following Ms. Muso's interview by Defendant Damjanac, Mr. Diaz was contacted by members of the NYPD who told him that he had violated the order of protection by posting on his Facebook wall and that he needed to turn himself in.

45. Mr. Diaz refused and told the members of the NYPD that he had not contacted Ms. Muso, that Ms. Muso was blocked from viewing his Facebook account from her account, that Ms. Muso was not his "friend" on Facebook, and the Ms. Muso's false report was simply an attempt to gain an upper hand in their child custody dispute.

46. On July 14, 2014, Mr. Diaz appeared in family court for the child custody dispute.

47. Defendant Adamiszyn and John/Jane Doe # 1 placed Mr. Diaz under arrest at this court appearance.

48. Upon stopping Mr. Diaz in the courthouse, Mr. Diaz was subjected to a search of his person by Defendants Adamiszyn and John/Jane Doe # 1.

49. The search was done without probable cause and/or reasonable suspicion.

50. Mr. Diaz's arrest was without probable cause.

51. Mr. Diaz's arrest was approved by Defendant Gumpel.

52. Mr. Diaz was transported to the NYPD's 114th Precinct.

53. During Mr. Diaz's time at the precinct, Defendants Adamiszyn and John/Jane Doe # 1 contacted the NYPD's Legal Bureau, and spoke with "Attorney Talansky".

54. Attorney Talansky told Defendants Adamiszyn and John/Jane Doe # 1 that there was no crime committed and no probable cause for Mr. Diaz's arrest.

55. Defendants Adamiszyn and John/Jane Doe # 1 told Mr. Diaz that the charges against him were "bullshit", voided his arrest, and then released him from the precinct.

56. Mr. Diaz and suffered damage as a result of Defendants' actions.  Mr. Diaz and was, *inter alia*, deprived of liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to reputation.

## FIRST CAUSE OF ACTION
*42 U.S.C. § 1983*

57. Mr. Diaz repeats and realleges each and every allegation as if fully set forth herein.

58. Defendants, by their conduct toward Mr. Diaz as alleged herein, violated Mr. Diaz's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

59. As a direct and proximate result of this unlawful conduct, Mr. Diaz sustained the damages herein alleged.

## SECOND CAUSE OF ACTION
*Unlawful Stop and Search*

60. Mr. Diaz repeats and realleges each and every allegation as if fully set forth herein.

61. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Mr. Diaz without reasonable suspicion and/or probable cause.

62. As a direct and proximate result of this unlawful conduct, Mr. Diaz sustained the damages herein alleged.

### THIRD CAUSE OF ACTION
*False Arrest*

63. Mr. Diaz repeats and realleges each and every allegation as if fully set forth herein.

64. The individual defendants violated the Fourth and Fourteenth Amendments because they arrested Mr. Diaz without probable cause.

65. As a direct and proximate result of this unlawful conduct, Mr. Diaz sustained the damages herein alleged.

### FOURTH CAUSE OF ACTION
*Failure to Intervene*

66. Mr. Diaz repeats and realleges each and every allegation as if fully set forth herein.

67. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

68. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

69. As a direct and proximate result of this unlawful conduct, Mr. Diaz sustained the damages herein alleged.

### FIFTH CAUSE OF ACTION
*Monell*

70. Mr. Diaz repeats and realleges each and every allegation as if fully set forth herein.

71.     This is not an isolated incident.  Defendant City of New York, through its policies, customs, and practices, directly caused the constitutional violations suffered by Mr. Diaz.

72.     Defendant City of New York, through the NYPD, has had, and still has, hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

73.     Defendant City of New York, at all relevant times, was aware that the individual defendants routinely committed constitutional violations such as those at issue here and has failed to change its policies, practices, and customs to stop this behavior.

74.     Defendant City of New York, at all relevant times, was aware that the individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

75.     These policies, practices, and customs were the moving force behind Mr. Diaz's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Diaz respectfully requests judgment against Defendants as follows:

(a)     Compensatory damages against all defendants, jointly and severally;

(b)     Punitive damages against the individual defendants, jointly and severally;

(c)     Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

      (d)      Such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 5, 2015

/s/
Gregory P. Mouton, Jr., Esq.
Law Office of Gregory P. Mouton, Jr., LLC
*Attorney for Plaintiff*
305 Broadway, 14th Floor
New York, NY  10007
Phone & Fax: (646) 706-7481
greg@moutonlawnyc.com