FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 29 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

GUZMAN DIAZ,

                Plaintiff,

-against-

CITY OF NEW YORK, BRIAN ANDRUSZKIEWICZ, REGINA DAMJANAC, JERMAINE TAYLOR, JOHN GUMPEL, KEITH ADAMISZYN, and JOHN/JANE DOE #1,

                Defendants.

------------------------------------------------------------------- X

15-CV-1842 (ARR)(RER)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

On April 6, 2015, plaintiff, Guzman Diaz, commenced this action primarily under 42 U.S.C. § 1983, alleging that defendants unlawfully stopped and searched him and falsely arrested him. On July 1, 2016, this court received a Report and Recommendation ("R. & R.") from the Honorable Ramon E. Reyes, Jr., United States Magistrate Judge, recommending the entry of judgment, including interest, costs, and disbursements, pursuant to § 5003-a of the New York Civil Practice Law and Rules due to defendants' late payment of a settlement; recommending that the plaintiff's motion seeking attorney's fees be denied; and recommending that defendants' motion for sanctions be denied. See R. & R., Dkt. #24.

## BACKGROUND

The parties settled the underlying substantive dispute in this case on July 28, 2015. See Minute Entry dated July 28, 2015. One month later, on August 28, 2015, the parties filed a stipulation and proposed order of dismissal, see Dkt. #9, which this court endorsed on September 1, 2015, see Dkt. #11. The parties also filed a stipulation of settlement that set forth the terms of

1

the settlement, including that the City of New York agreed to pay Diaz $10,000 "in full satisfaction of all claims, including claims for costs, expenses and attorney's fees." See Stipulation of Settlement, Dkt. #10, ¶ 2. Plaintiff delivered executed copies of the settlement paperwork to defendants on September 22, 2015. See Pl.'s Mem. of Law in Supp. of its Mot., Dkt. #17, at 1; see also R. & R. at 1. Three months later, after defendants had failed to make its payment to satisfy the terms of the settlement, plaintiff filed a letter with this court seeking a pre-motion conference to enforce the terms of the settlement agreement, and for interest, disbursements, and attorney's fees. See Mot. for Pre-Mot. Conf., Dkt. #12. I respectfully referred that motion to Judge Reyes, who scheduled a telephone conference for January 15, 2016.

At that conference, counsel for the City of New York represented that a settlement check had been sent to plaintiff's counsel on January 11, 2016. See Minute Entry dated January 15, 2016; R. & R. at 2. Plaintiff's counsel received the settlement check in the mail later in the day on January 15. R. & R. at 2. On January 29, 2016, plaintiff filed a motion seeking an order pursuant to § 5003-a(e) directing the Clerk of Court to enter judgment against defendants in the amount of $10,000 (the settlement proceeds) plus interest, costs, attorney's fees, and disbursements. See Pl.'s Mot. for J., Dkt. #16. Judge Reyes, in the R. & R. filed on July 1, 2016, recommended that I grant the entirety of the relief requested in plaintiff's motion, apart from the award of attorney's fees, which Judge Reyes recommended that I deny. Judge Reyes also recommended that I deny the City's cross-motion for sanctions. On July 15, 2016, plaintiff filed an objection to the R&R as to its denial of attorney's fees to plaintiff. Pl.'s Obj. to R. & R. ("Pl.'s Br."), Dkt. #25.

## STANDARD OF REVIEW

A district court reviews "de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b). For those portions of the R. & R. to which no objections have been made, a district court uses a "clear error" standard of review. See Brissett v. Manhattan & Bronx Surface Transit Operating Auth., No. 09-CV-1930682 (CBA) (LB), 2011 WL 1930682, at *1 (E.D.N.Y. May 19, 2011) (citing Lewis v. Zon, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008)).

## DISCUSSION

I have reviewed those portions of the R. & R. to which no party has objected for clear error on the face of the record, and having so reviewed, find no clear error. I hereby adopt those portions of the R. & R. as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1). Therefore, I direct the Clerk of Court to enter judgment in favor of plaintiff for a total of $10,996.71, a sum which includes the settlement amount of $10,000, interest in the amount of $293.43, and costs and disbursements in the amount of $703.28. I also deny defendants' motion for sanctions.[1]

Plaintiff timely filed its objection to the finding in the R. & R. that plaintiff's counsel was not entitled to attorney's fees pursuant to C.P.L.R. § 5003-a. See R. & R. at 5 (stating that objections to the R. & R. were due by July 18, 2016); see generally Pl.'s Br. (filed on July 15, 2016). Accordingly, I review that finding de novo. The R. & R. found that plaintiff was not entitled to attorney's fees because, "[b]y its explicit terms, § 5003-a does not provide for recovery of attorney's fees." R. & R. at 4.

---

[1] The court pauses to echo the concerns expressed in the R. & R. regarding defendants' argument that C.P.L.R. § 5003-a should not apply to settlement payment disputes in federal court, given the City's acknowledgement in Bey v. City of New York, No. 11-cv-5833 (BMC)(MDG), 2013 WL 439090 (E.D.N.Y. Feb. 5, 2013), that the same statutory provision does apply to settlement disputes in cases involving federal claims. See also R. & R. at 4 n.2 (stating that, in Judge Reyes' experience, counsel for the City often inform plaintiffs that an express payment term, requiring payment within, e.g., thirty or sixty days, cannot be entered into because "the only limit on payment is the 90-day period encompassed in § 5003-a").

3

C.P.L.R. § 5003-a(b) provides that "a municipality settling an action for damages must pay all sums due within ninety days after the settling plaintiff tenders a duly executed release and a stipulation discontinuing the action." Brown v. City of New York, No. 09-CV-1809, 2012 WL 628496, at *2 (E.D.N.Y. Jan. 30, 2012). Section (e) of the same statute provides that, when a settling defendant fails to pay the sums due in a timely manner, the unpaid plaintiff may enter judgment against that defendant "for the amount set forth in the [settlement] release, together with costs and lawful disbursements, and interest on the amount set forth in the release from the date that the release and stipulation discontinuing action were tendered." Id. § 5003-a(e). Plaintiff argues that because the statute does not explicitly define "costs," the court should look to other statutes to define them. In particular, plaintiff asks the court to adopt the definition of costs set forth in 42 U.S.C. § 1988, which provides that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988; see also Pl.'s Br. at 3.

But plaintiffs cite no precedent where a court has imported the definition of "costs" as used in the federal statute 42 U.S.C. § 1988 into New York's C.P.L.R. § 5003-a. In fact, this court has identified two cases that reach the precise opposite conclusion. In Muhammad v. Garcia, the New York Supreme Court held that, on a motion seeking interest, disbursements, and costs pursuant to § 5003-a, "[p]laintiffs' counsel is not entitled to attorneys' fees for legal research and the preparation of the instant order to show cause as C.P.L.R. § 5003-a(e) does not provide for [the] same." 950 N.Y.S.2d 724 (Sup. Ct. 2012). In addition, in Liss v. Brigham Park Cooperative Apartments Sec. No. 3, Inc., the Second Department held that the New York Supreme Court had erred in sua sponte awarding attorney's fees to a plaintiff pursuant to C.P.L.R. § 5003-a(e), because that statute "does not provide for an award of an attorney's fee."

Given the statute's failure to explicitly authorize the payment of attorney's fees, and given New York courts' holdings that the statute does not so authorize, I find that plaintiff's objection to the R. & R. lacks merit. I thus deny plaintiff's request for attorney's fees pursuant to § 5003-a.

## CONCLUSION

In sum, I hereby adopt Judge Reyes's thorough and well-reasoned report and recommendation in its entirety. Consistent with the recommendations therein, the Clerk of Court is directed to enter judgment in favor of plaintiff for a total of $10,996.71, a sum which includes the settlement amount of $10,000, interest in the amount of $293.43, and costs and disbursements in the amount of $703.28.

SO ORDERED.

/s/(ARR)
_____
Allyne R. Ross
United States District Judge

Dated: July 28, 2014
       Brooklyn, New York